# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAUREN MOORE,      )
     )
   Plaintiff,      )
     )
   v.      )    C.A. No.: N18C-09-044 SKR
     )
DELI DAYS, LLC, a Delaware    )
Corporation, d/b/a ARENA'S AT THE    )
AIRPORT; SUSSEX COUNTY,    )
Delaware, d/b/a DELAWARE    )
COASTAL AIRPORT,    )
     )
   Defendants.      )

## MEMORANDUM ORDER

This 29th day of May, 2020, upon consideration of Defendant Deli Days, LLC's ("Defendant") Motion for Summary Judgment (the "Motion"),[1] Plaintiff Lauren Moore's ("Plaintiff") Opposition,[2] oral arguments from both sides, and the Parties' Supplemental Briefs,[3] it appears to the Court that:

1. Plaintiff allegedly suffered serious physical injury when she slipped and fell in the women's restroom at the Sussex County Airport. Plaintiff's Complaint alleges that Defendant had a duty to reasonably maintain the restroom and that Defendant breached its duty by not cleaning up the spilled liquid that caused Plaintiff's fall.

---

[1] Trans. ID 64421739.
[2] Trans. ID 64668858.
[3] Trans. ID 64751125; Trans. ID 64783767.

2. Defendant moves for summary judgment pursuant to Delaware Superior Court Civil Rule 56(c) ("Rule 56(c)"). Defendant claims that it did not have a legal duty to maintain the restroom, and therefore cannot be held liable for Plaintiff's injuries. Rule 56(c) states that summary judgment should be granted where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.

3. Plaintiff's negligence claim requires her to show that Defendant owed her a duty of care.[4] The element of duty in a negligence action is generally an issue of law for the Court to decide.[5] If no duty exists, a trial court is authorized to grant judgment as a matter of law.[6] However, in cases where duty of care is determined by a contract, and "reasonable minds could differ as to the contract's meaning, a factual dispute results and … summary judgment is improper."[7]

4. Defendant's potential duty of care, in this case, is determined by a lease agreement (the "Agreement") that Defendant entered into with Sussex County Airport to operate a restaurant within the airport. The Agreement defines the restroom in which Plaintiff fell as part of the "Common Areas", outside of Defendant's leased "Premises."[8]

---

[4] *Keating v. Best Buy Stores, LP*, 2013 WL 8169756, at *2 (Del. Super. Mar. 28, 2013).
[5] *Id.*
[6] *Id.*
[7] *Id. at *3.*
[8] Ex. B, Lease Agreement, 1.1 Definitions ("a. Common Areas - All areas and facilities in or near the Premises provided by Landlord for non-exclusive common use by the Airport's tenants and their customers or used by

5. Section 5.1 of the Agreement states that Sussex County "retains exclusive control and management of the Common Areas… and may do other things in the Common Areas as [Sussex County] in its sole discretion deems advisable."[9] Section 5.2, Maintenance of Common Areas, states that Sussex County "shall maintain, repair, and replace (when necessary) the Common Areas at the level deemed advisable by Landlord, in its sole discretion." Therefore, according to the Agreement, the maintenance of the restroom was under Sussex County's exclusive control and discretion.

6. Plaintiff argues that under §6.2 of the agreement, Defendant as well as Sussex County had a duty to maintain the restroom. That provision states that Defendant "shall maintain, repair, and replace (when necessary) the Premises and any facilities outside the Premises that serve the Premises (such as Tenant's sign and sign box) to keep them in good, safe, and clean condition."[10]

7. The Court disagrees that this is a reasonable interpretation of the provision, because it would directly conflict with the provision giving Sussex County exclusive control of the Common Areas. In addition, the examples listed in §6.2 of "facilities that serve the Premises" refer to Defendant's signage as indicative of the types of structures for which Defendant had maintenance

Landlord for the Airport, including, but not limited to, *restrooms*, parking areas, loading docks…") (emphasis added).
[9] Ex. B, Lease Agreement, at 7.
[10] *Id.* at §6.2 Maintenance by Tenant.

responsibility. A plain reading of this provision does not reasonably suggest that Sussex County meant to include in the purview of Defendant's maintenance responsibility, the restrooms, parking lots, and other locations already defined as Common Areas in the Agreement.

8. The Court finds that a plain reading of the lease agreement demonstrates that the restroom was not within Defendant's leased premises for which it had a contractual duty to maintain. Rather, the restroom was unambiguously part of the Common Areas which Sussex County had the exclusive duty to maintain. Therefore, Defendant did not have a legal duty of care to Plaintiff and is entitled to judgment as a matter of law.

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Cc:  Brian Lutness, Esq., Silverman McDonald & Friedman, Wilmington, DE

Stephen F. Dryden, Esq., Weber Gallagher Simpson Stapleton Fires & Newby, Wilmington, DE

Lisa Grubb, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE